VERNER E. GABRIELSON, Appellant, v. WEBSTER COUNTY, Appellee.

**COUNTY ATTORNEY: Compensation—Percentage on Fines.** A statute which provides that a county attorney shall receive "attorney fees allowed in criminal cases" may not be construed as meaning the same as a former statute which provided that he should receive a percentage on "all fines collected where he appears for the State, and not otherwise."

Headnote 1: 18 C. J. p. 1325.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

NOVEMBER 23, 1926.

The plaintiff was formerly county attorney of Webster County, and he brings this action to recover the percentage on certain fines collected during a portion of his term. Judgment dismissing the petition, and the plaintiff appeals.—*Affirmed.*

*Stowe & Kirchner,* for appellant.

*James I. Dolliver,* for appellee.

STEVENS, J.—The appellant, Verner E. Gabrielson, was county attorney of Webster County from January 1, 1923, to January 1, 1925. The salary fixed by law for the county attorney of Webster County at that time was $2,000 per annum. The law in force on January 1, 1923, allowed the county attorney "for all fines collected where he appeared for the state and not otherwise," etc. Chapter 232, Acts of the Thirty-eighth General Assembly. By Chapter 250, Laws of the Fortieth General Assembly, which went into effect April 16, 1923, all prior statutes relating to the compensation of county attorneys were repealed, and a new statute enacted. The words "for all fines collected where he appears for the state and not otherwise" were omitted therefrom, but the words "and attorney fees allowed in criminal cases" were added. Section 9, Chapter 250. At the extra session of the fortieth general assembly, Section 9 of Chapter 250 was repealed, and the words "for all fines collected where he appears for the state, but not otherwise," restored. This enactment, which is Chapter 19 of the Laws of the Extra Session of the Fortieth General Assembly, went into effect February 11, 1924. Appellant seeks to recover $965.45 percentage on fines collected during the period between April 16, 1923, and February 11, 1924.

Certain rules and canons of statutory construction well supported by authority are called to our attention by appellant, and we are asked to find the legislative intention, and to hold that the omission of the language quoted either did not alter the force and

effect of the statute, or that the words "and attorney fees allowed in criminal cases" were intended to supply the omission.

It is quite probable that the provision relating to fines collected was unintentionally omitted by the legislature; but even if this were admitted, there is nothing in the statute as enacted from which the intention to allow the county attorney a percentage of fines collected can be implied. The court cannot supply the omission by construction. To do so, it would have to hold that the language omitted effected no change in the law. The enactment is clear and unambiguous, so far as the omission is concerned. The words "attorney fees allowed in criminal cases" refer to other matters, such as those provided by Section 1930 of the Code, and could not possibly be construed as having the same meaning as the words omitted. It was intended to apply to compensation in other cases. It is significant that both clauses are included in the present statute. There is no escape from the conclusion that appellant is not entitled to compensation for fines collected during the period covered by the items attached to his petition. The statute made no provision therefor. Were it possible to construe the statute so as to supply what evidently was an unintentional omission by the legislature, the court would be disposed to adopt that construction.

The judgment dismissing the petition is affirmed.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.